Estate of Whitney Waterman, Deceased, Security-First National Bank of Los Angeles, Executor v. Commissioner.
Estate of Whitney Waterman v. Commissioner
Docket No. 1911.
United States Tax Court
1946 Tax Ct. Memo LEXIS 115; 5 T.C.M. (CCH) 693; T.C.M. (RIA) 46190; August 7, 1946
Ralph W. Smith, Esq., 808 Bank of America Bldg., Los Angeles, Calif., and John Moore Robinson, Esq., for the petitioner. E. A. Tonjes, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: This proceeding involves a deficiency in estate tax in the amount of $8,951.08. The principal question in issue is whether there should be included in the gross estate the value of certain shares of stock which the respondent determined were transferred *116 in trust by decedent several years prior to his death. The controversy hinges upon the ownership of the shares in question, or the shares for which they were received in exchange, at the time the trust was created. Petitioner also makes claim, which the respondent does not contest, for a credit for inheritance taxes paid to the State of California and the deduction of attorneys' fees paid out by the estate. Findings of Fact The decedent died a resident of California, on December 10, 1940. The security-First National Bank of Los Angeles was appointed executor of his estate. The executor duly filed an estate tax return with the Collector of Internal Revenue for the Sixth District of California, at Los Angeles. The return showed a net estate for basic tax of $83,996.45. In his deficiency notice the respondent increased the estate as reported by the amount of $114,918.79, representing the value at the date of death of property which decedent allegedly had transferred in trust during his lifetime. Of that amount, $114,770 represented the value of 460 shares of the capital stock of St. Paul Fire & Marine Insurance Company. Those shares were received by the trust in 1939, in exchange *117 for a like number of shares of stock of the same corporation which had been transferred to the trust on October 1, 1934, under the following circumstances: James C. Burbank, the father of decedent's deceased wife, Evelyn Burbank Waterman, died a resident of Minnesota, in 1876, leaving a will in which he established a testamentary trust for the benefit of his two daughters, Evelyn and Lillian. Upon the death of the last surviving daughter, the trust was to terminate and the corpus was to "vest in and become the absolute property of the children * * *, in fee." The last surviving daughter, Evelyn, died on November 17, 1933, survived by her husband, the decedent, and several children. A controversy then arose between the surviving children and the decedent as to what disposition was to be made of the corpus of the James C. Burbank trust. The decedent claimed that he was an "heir-at-law" of his deceased wife and was therefore entitled to a one-third of a one-half, or a one-sixth, interest in the trust estate. The trustee, The First Trust Company of St. Paul, as plaintiff, instituted an action in the District Court, Second Judicial District, of Ramsey County, Minnesota, in which the claimants *118 were all named defendants, for a construction of the will. The children and decedent were both represented by counsel in that proceeding. On July 28, 1934, that court entered its "Findings of Fact, Conclusions of Law and Order for Judgment", in which it found that decedent was entitled to receive one-sixth of the trust corpus as an heir-at-law of his wife, Evelyn, and that each of the surviving children of Evelyn was entitled to a one-sixth of a one-half, or a one-twelfth, interest thereof. No appeal was ever taken from the court's ruling. On October 1, 1934, all of the parties entered into an agreement settling their respective interests in the disputed property. Under that agreement, the children of Evelyn waived their right to appeal from the judgment of the District Court, and decedent assigned all of his interest in the disputed property to The First Trust Company of St. Paul, as trustee, which was to pay the income therefrom to him for life and after his death to pay the principal and undistributed income to the children of Evelyn, or their heirs, executors, administrators, or assigns. The trust was revocable at any time by decedent and a majority of the surviving children. *119 The agreement provided in part as follows: AND, WHEREAS, by a construction placed upon the foregoing clause of said will by the District Court of Ramsey County, Minnesota, the party of the first part was determined to be entitled to one-sixth (1/6th) of the corpus of said trust fund, from which determination, the parties of the second part have a right of appeal, NOW, THEREFORE, in consideration of the mutual covenants herein contained and of the sum of One Dollar ($1.00) by the said parties of the second part to the said party of the first part in hand paid, receipt whereof is hereby acknowledged, it is agreed as follows: FIRST: The parties of the second part hereby agree that they will not appeal from said judgment of the District Court of Ramsey County, Minnesota, determining that the said party of the first part is entitled to one-sixth (1/6th) of the corpus of said trust estate, and do hereby surrender and forever release said right of appeal. SECOND: Said party of the first part undertakes and agrees that he will, and by these presents does irrevocably, assign, transfer and convey all his right, title and interest in and to said one-sixth (1/6th) share of the corpus of *120 said trust fund upon its distribution unto said First Trust Company of Saint Paul, Saint Paul, Minnesota, not for its own use, but as Trustee, upon the terms, conditions, covenants and agreements hereinafter set forth. * * * * *
FOURTH: After paying the necessary expenses incurred in the management of the trust estate, the income derived by the Trustee therefrom shall be paid to the party of the first part, Whitney Waterman, in quarterly installments during his lifetime. The word income shall include all cash dividends and all stock dividends paid upon stock held in the trust estate, regardless of whether such dividends are paid out of earnings accrued prior to or after the date of the execution of this instrument. FIFTH: Upon the death of the party of the first part the trust created hereunder shall cease and determine and the principal of the trust estate plus all accrued, but undistributed income, shall be transferred, paid over and delivered in equal shares to the parties of the second part, their heirs, executors, administrators and/or assigns. * * * Following decedent's death, a dispute arose as to who was entitled, under the agreement, to certain stock dividends which *121 had been received by the trustee from the St. Paul Fire & Marine Insurance Company. The court determined that the stock dividends constituted income and were distributable to decedent's estate. The respondent determined in his deficiency notice that the property held by the trustee under the trust agreement of October 1, 1934, was all includible in decedent's gross estate as a transfer intended to take effect at or after decedent's death, within the meaning of section 811(c) of the Internal Revenue Code. He also stated that section 811(d) was applicable because of decedent's reservation of a right to amend or revoke the trust. Inheritance taxes in the amount of $1,397.18 were paid to the State of California by the executor of decedent's estate, on November 18, 1943. Also, on December 1, 1944, the executor of the estate paid attorneys' fees in the amount of $2,500, to the attorneys representing the estate in this proceeding. Opinion Petitioner's contention seems to be that the property comprising the one-sixth interest in the James C. Burbank trust which, under the agreement of October 1, 1934, was transferred to the new trust, was not wholly owned by *122 the decedent, but was owned in part, amounting to at least one-half, by the children of decedent's deceased wife, and, to the extent of such part, was not a transfer made by decedent. The contention is bottomed on the dispute which arose between decedent and the children as to whether, under the laws of the State of Minnesota, decedent was an "heir-at-law" of his deceased wife and therefore entitled to participate in the distribution of the trust estate under the will of James C. Burbank. Petitioner seeks to minimize the effect of the determination of this question adversely to its contentions by the District Court of Ramsey County, Minnesota, with the argument that the children nevertheless had the right of appeal to the highest court of the State of Minnesota, and therefore had a vested interest in the property itself. This contention, we think, is without merit. The ownership of the disputed property was a question to be determined by the courts of the State of Minnesota. That question was submitted to the court of proper jurisdiction, the District Court of Ramsey County, in a regular contested proceeding. No contention is made that there was any collusion or lack of good faith *123 in the initiation or prosecution of the proceeding. All of the parties in interest were represented by counsel. The court determined in a written opinion that decedent was an heir-at-law of his deceased wife and was entitled to receive a one-sixth interest in the trust corpus. No appeal was ever taken from that decision. In the administration of Federal income tax laws, the Federal courts are bound by the decisions of the state courts as to property rights. The decision of a state court of competent jurisdiction as to the rights of beneficiaries in trust property and the distribution of trust income or principal, until reversed or overruled, is binding upon this Court and all other Federal courts. See Tyler v. United States, 281 U.S. 497; Freuler v. Helvering, 291 U.S. 35; Blair v. Commissioner, 300 U.S. 5. We regard the decision of the District Court of Ramsey County, Minnesota, as finally determinative of decedent's ownership of the property in question. The right of the children to take an appeal to the higher courts in Minnesota gave them no vested interest in the trust assets. In the agreement of October 1, 1934, they asserted no claim *124 to legal ownership of any interest in the trust property and made no attempt to transfer any such interest to the new trust. The agreement provides, as shown above, that the decedent transferred the whole of the one-sixth interest to the new trust. The children merely agreed that they would not appeal from the ruling of the District Court determining that decedent was the owner of the disputed one-sixth interest. The evidence permits of no other conclusion than that the decedent was the sole owner of that property and was the one who transferred it to the new trust. Petitioner does not question the correctness of the respondent's determination that the transfer made by the decedent, to the extent of the property transferred, is includible in the gross estate. At the trial of this case, counsel for the petitioner sought to put in evidence certain testimony regarding the laws of the State of Minnesota and the probability of a reversal by the higher courts of the ruling of the District Court that decedent was the owner of a one-sixth interest in the trust corpus. This evidence was rejected by the trial judge. The laws of the State of Minnesota are matters of judicial notice to this *125 Court. No amount of opinion evidence as to the probability of an ultimate reversal of the District Court of Ramsey County by the higher courts of that state could serve to vacate the ruling of the District Court, or to divest the decedent of the legal ownership of the property which that court had awarded him. It may well be that the adverse claim of the children affected the market value of decedent's one-sixth interest in the property at the time he transferred it to the trust, but no question is before us here as to the value of the property at that time, or, in fact, at any other time. We are concerned here with the value of the property at the date of decedent's death. Petitioner makes no complaint of the respondent's valuation as of that date. Credit should be allowed for the inheritance taxes paid to the State of California, and a deduction allowed for the attorneys' fees paid out by the executor, in the respective amounts of $1,397.18 and $2,500. Decision will be entered under Rule 50.